[No. 23051. Department Two. August 7, 1931.]

N. Di Denti, *Respondent*, v. F. R. Carrel *et al.*, *Appellants.*[1]

*Whittemore & Truscott,* for appellants.

*Shank, Belt, Fairbrook & Rode* and *Arthur B. Langlie,* for respondent.

Beeler, J.—The defendants have appealed from a judgment wherein the plaintiff was awarded the sum of $327.16, for damages to his automobile by reason of a collision or accident which occurred on the Pacific highway between Tacoma and Seattle, at about one o'clock a. m. on January 27, 1930. The cause was tried to the court, and the findings of fact recite that the respondent's car was being driven in a southerly direction and appellants' car in a northerly direction, and that the collision occurred by reason of appellants' negligence in driving their car in the line of the south-bound traffic and into respondent's car, causing it to

[1]Reported in 1 P. (2d) 901.

swerve across and onto the wrong side of the highway and into the path of northbound traffic, and, as a consequence, it was struck by an automobile traveling northward, knocked off of the highway and into the ditch on the easterly side thereof.

The parties are not in serious dispute as to the following facts: That shortly after midnight respondent's two daughters with one automobile, and his two sons with another car, left Seattle for Tacoma over the Pacific highway; that the accident happened at a point about twelve miles south of Seattle, at which place the macadamized roadway is twenty feet wide; that, from the time these two cars left Seattle to the time of the collision, a slushy and soft snow was falling, necessitating the use of the windshield swipes; that, by reason of the snow-fall and the condition of the highway, both cars were being driven cautiously and slowly, and at a rate of speed of from twenty to twenty-five miles per hour; that the car operated by the two sons was following, within a distance of from fifty to seventy-five feet, the car driven by respondent's daughters; that, as these two cars were approaching the vicinity or point on the highway where the accident occurred, a string of four automobiles was approaching from the south in the following order: Williams' car was in the lead; next, the Collins car; next, appellants' car; and then the Coomer car; that these cars were traveling slowly and cautiously, and at a rate of speed variously estimated to be from twenty to twenty-five miles per hour, in any event not to exceed thirty miles per hour.

But appellants contend that there is no credible evidence establishing negligence as against them, and that, in any event, the weight of the evidence preponderates against the findings of the trial court. With this we cannot agree. That appellants' car was on the

wrong side of the highway at the time it ran into and collided with respondent's car, is established beyond dispute by clear, convincing and cogent testimony. The blow or impact caused respondent's car to swerve around to the east and across the highway, the engine coming to a sudden stop, and as a result it was then struck by the Coomer car.

Mr. Williams, a wholly disinterested witness, was called on behalf of the respondent. He testified that, while the car in which he was riding was in the act of passing the appellants' car, the latter did not keep to its side of the road, and as a result the car in which he was riding was almost forced off of the pavement and onto the gravelled portion parelleling the west side of the pavement: "We had difficulty in getting by them, because we almost got out into that unpaved portion." And, "We were clear over as far as we could go." He further testified that respondent's car was struck by appellants' car while the latter was on the wrong side of the road.

Both of respondents' daughters testified that, when they first saw appellants' car, it was "zigzagging off of the road." One of the daughters, Mrs. Innocenti, further testified: "He [appellant] almost drove me from the pavement. I was right near the edge as far as I could go."

Louis Di Denti, who was driving the car that was struck, testified that appellants' car was within fifty feet of him when he first observed it, and that "it was going over to my side of the road." And, "I took my foot off of the throttle and I jerked the wheel to the right side of the road, and when I was jerking the wheel I was struck."

On the other hand, while appellants called six witnesses, only three testified as to how the accident hap-

pened: A Mr. Collins, whose testimony, however, is extremely vague and indefinite and of little probative value, Mr. Carrel, one of the appellants, and his niece, a young girl of fourteen years of age, who was in his car at the time of the accident. Mr. Carrel testified that he did not see respondent's car until it was within "ten or fifteen feet" of his car, and that it was then traveling forty miles per hour. Manifestly, Carrel could not accurately estimate the speed of respondent's car in that short distance, which took but a fraction of a second to traverse. Especially is this true when we take into account the climatic conditions that prevailed at that time. Moreover, respondent's two daughters and two sons testified that they were operating their respective cars carefully and at a rate of speed not to exceed twenty or twenty-five miles per hour. On that issue we are satisfied that respondent's testimony preponderates, and that his car was not being operated either excessively or dangerously.

Mrs. Carrel and Mr. Coomer, both of whom testified on behalf of appellants, admitted that they did not see the accident. The testimony of the latter really fortifies the respondent's theory as to how the collision occurred. He affirmed: "This car," meaning respondent's car, "came out from behind the other car," referring to the automobile driven by Mrs. Innocenti, "and angled across the road toward my right." This, in effect, corroborates the testimony of respondent's two daughters and two sons. Moreover, the physical facts—the manner in which the cars of the respondent and the appellants came into collision, the position of appellants' car after the impact, it having come to a stop on the unpaved gravel strip immediately to the west of and paralleling the pavement—add weight to respondent's contention that the negligence of the appellants was the proximate cause of the accident.

We are satisfied that the findings of the trial court are amply supported by the greater weight of the credible testimony in the case.

Judgment affirmed.

TOLMAN, C. J., BEALS, MILLARD, and FULLERTON, JJ., concur.